Ann L. Moderie
MODERIE LAW FIRM, PLLC
P.O. BOX 1180
Polson, MT 59860
(406 883-2332
(888) 4545939 (Fax)
ann@moderielaw.com

ATTORNEY FOR PLAINTIFF

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA – MISSOULA DIVISION

| | |
|---|---|
| DARRELL PIAPOT, JR as PARENT AND GUARDIAN AD LITEM OF SKYLAR PIAPOT, a minor,<br><br>Plaintiff,<br><br>v.<br><br>UNITES STATES OF AMERICA,<br><br>Defendant. | Cause No. _____<br><br>**COMPLAINT** |

COMES NOW Plaintiff, by and through counsel, and for his claim states and alleges as follows:

1. Darrell Piapot, Jr. ("Darrell") was at all material times a resident and citizen of the District of Montana, Missoula Division, residing in Lake County, Montana. Darrell is the father and court-appointed Guardian ad Litem of his son, Skylar Piapot, ("Skylar"), a minor. Skylar was at all material times a resident and citizen of Lake County, Montana.

Complaint – Page 1

2. In February 2019, Skyler (age 6 at that time) was a student at Nkwusm Salish Language Institute, which is a private school located in Arlee, Lake County, Montana.

3. The school provides transportation to students throughout Mission Valley by way of a 15-person passenger van.

4. On February 27, 2019, the school van was involved in a three-vehicle accident on U.S. Highway 93 at mile marker 39.2 in Lake County, Montana.

5. Skylar was a passenger in the school van.

6. A large dump truck traveling in the southbound lane lost control on the snow-packed and icy road colliding with two vehicles traveling in the northbound lane, one of which was the school van.

7. The dump truck was driven by Terrance Jackson ("Jackson").

8. Jackson was employed by the Department of Interior, Bureau of Indian Affairs (BIA).

9. The BIA is an agency of the United States of America.

10. Jackson was cited for Basic Rule - Reasonable and Prudent §61-8-303 M.C.A. (driving too fast for the conditions).

11. Jackson pled guilty to the citation.

12. No citation was issued to the driver of the school van or to the driver of the other vehicle involved in the accident.

13.	At the time of the accident, Jackson was an employee of the BIA, and was acting in the course and scope of his employment.

14.	This action arises under the Federal Tort Claims Act, 28 U.S.C. § 1346, et. seq.  This Court has original jurisdiction of Plaintiff's claim.

15.	Jackson's negligent driving was the proximate cause of the collision.

16.	As a result of Jackson's negligence, who is an agent of the Defendant and whose negligence is imputed to Defendant, Skylar suffered serious physical, mental, and emotional injuries.

17.	Plaintiff is entitled to recover damages for Skylar's injuries, such as pain and suffering, emotional distress, past and future costs of health care, therapy, and medications, and loss of his ability to enjoy life and destruction of his normal course of life.

18.	Venue rests in this District pursuant to 28 U.S.C. § 1391.

19.	Pursuant to 28 U.S.C. § 2675, the claim set forth herein was presented in a timely manner to the Defendant through submission to the Bureau of Indian Affairs, Northwest Regional Office, Portland, Oregon.  Plaintiff's claim was denied on October 1, 2020.  This action is therefore timely instituted.

	WHEREFORE, Plaintiff prays for judgment against Defendant for all damages to which he is entitled in such categories and in such amounts as

deemed appropriate by this Court, for the costs of this action, and for such further relief as the Court deems just and proper.

DATED this 1st day of February, 2021.

                              MODERIE LAW FIRM, PLLC

                              /s/ Ann L. Moderie
                              Attorney for Plaintiff